UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.        -CIV-

YORDANO GARCIA

    Plaintiff,

v.

DAYORIS DOORS, LLC., a Florida
corporation, and DAN V. BENITAH,
an individual,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, YORDANO GARCIA ("GARCIA"), by and through his undersigned attorney and hereby sues Defendant, DAYORIS, LCC, a Florida Corporation ("DAYORIS DOORS"), and in support thereof states as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States and the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

2. Plaintiff, YORDANO GARCIA, is an adult, male citizen of the United States who presently resides in Hialeah, Miami-Dade County, Florida.

3. Defendant, DAYORIS DOORS, a Florida Corporation, did at all times material conduct substantial and continuous business in the Southern District of Florida. DAYORIS DOORS is located at 2114 SW 60 Terrace, Miramar, Florida 33023.

4. DAYORIS DOORS is an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

5. Based upon information and belief, the annual gross sales volume of DAYORIS DOORS was in excess of $500,000 per annum at all times material hereto.

6. At all times material hereto, GARCIA is and continues to be a resident of Hialeah, Miami-Dade County Florida and was an "employee" of DAYORIS DOORS within the meaning of the FLSA.

7. At all times material hereto, the worked performed by GARCIA was directly essential to the business performed by DAYORIS DOORS.

8. At all times material hereto, DAYORIS DOORS is and continues to be an "employer" within the meaning of the FLSA.

9. At all times material, during GARCIA's employment with DAYORIS DOORS, DAYORIS DOORS was engaged in interstate commerce or in the production of goods for commerce. DAYORIS DOORS continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 2016(b) and 28 U.S.C. § 1331.

11. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

12. On or about June 20, 2015, GARCIA was hired as an installer at DAYORIS DOORS. On or about April 2, 2018, GARCIA no longer worked at DAYORIS DOORS.

13.  GARCIA worked ten hours a day Monday through Friday.

14. GARCIA was given a wage of $17.30 an hour.

15. In many weeks, GARCIA worked in excess of forty hours per week but was not paid at the rate of time-and-one-half his regularly hourly rate.

16. Between April 10, 2016 and February 5, 2018, GARCIA worked two hundred and twenty-two overtime hours and was paid at the regular rate for those hours.

17. GARCIA also worked approximately six hundred and thirty overtime hours which he was never paid at all.

18. Although DAYORIS DOORS was able to keep track of hours worked by GARCIA and other employees similarly situated DAYORIS DOORS failed to pay GARCIA or other similarly situated employees at an overtime rate when working in excess of forty hours a week.

19. GARCIA should have been paid on an hourly, non-exempt rate during the entire course of his employment with DAYORIS DOORS.

20. GARCIA is still owed for his overtime work completed from June 20, 2015 to April 2, 2018.

## COUNT I

### Violation of 29 U.S.C. § 207 (Unpaid Overtime)

21. Plaintiff, GARCIA, re-alleges and reincorporates paragraphs 1-20 as fully alleged therein.

22. As of June 26, 2015, in addition to GARCIA's normal, regular work week, GARCIA worked additional hours in excess of forty per week for which he was not compensated at the statutory rate of time and one-half.

23. GARCIA was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

24. DAYORIS DOORS failed to pay GARCIA's overtime compensation in the lawful amount for hours worked by GARCIA in excess of the maximum hours provided for in the FLSA.

25. At all times, DAYORIS DOORS willfully employed GARCIA for many work weeks longer than forty hours, and failed and refused to compensate GARCIA for such work in excess of forty hours at rates no less than one and one-half times the regular rate at which he was employed.

26. As a result of the unlawful acts of DAYORIS DOORS, GARCIA and all persons similarly situated have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and costs.

27. DAYORIS DOORS remains owing GARCIA overtime wages, and GARCIA is entitled to recover double damages pursuant to the FLSA.

28. Records, if any, concerning the number of hours worked by GARCIA and the actual compensation paid to him are in the possession and custody of DAYORIS DOORS.

29. DAYORIS DOORS knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate GARCIA at the statutory rate of time and one-half for the hours worked in excess of forty hours per week when it know or should have known such was due.

30. DAYORIS DOORS failed to properly disclose or apprise GARCIA of his rights under the FLSA.

31. As a direct and proximate result of DAYORIS DOORS'S willful disregard of the FLSA, GARCIA has suffered damages not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

32. GARCIA is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, GARCIA respectfully requests that judgment be entered in their favor against Defendant, DAYORIS DOORS:

    a. Declaring that DAYORIS DOORS has violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding GARCIA overtime compensation in the amount calculated;

    c. Awarding GARCIA liquidated damages in the amount calculated;

    d. Awarding GARCIA reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding GARCIA post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: October 20, 2018.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

/s:/ Elvis J. Adan
Elvis J. Adan, Esq.
elvis.adan@gallardolawyers.com
Fla. Bar No.: 24223