UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18-cv-24352-CMA

YORDANO GARCIA,

    Plaintiff,

v.

DAYORIS DOORS, LLC., a Florida
corporation, and DAN V. BENITAH,
an individual,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendants, DAYORIS DOORS, LLC. ("DAYORIS")[1] and DAN V. BENITAH ("BENITAH") (collectively, "Defendants"), respond to Plaintiff, YORDANO GARCIA's ("Garcia" or "Plaintiff") Complaint, as follows:

## JURISDICTIONAL ALLEGATIONS

1. Defendants admit that Plaintiff has filed an action for alleged violations of overtime wages under the Fair Labor Standards Act, as amended 29 U.S.C. § 201 et seq. ("FLSA"). However, Defendants deny that there is any proper basis or cause of action to be brought before this Court, and further deny that Defendants are liable to Plaintiff for any such claim.

---

[1] Plaintiff improperly identifies "DAYORIS DOORS, INC" as the Defendant in this matter. The appropriate Defendant is DAYORIS, INC., and this answer is submitted on behalf of DAYORIS, INC. Defendant respectfully requests that the pleadings be amended to reflect the appropriate Defendant.

**PARTIES**

2.  Defendants lack sufficient knowledge or information to admit or deny the allegation that Plaintiff is a resident of Hialeah, Miami-Dade County, Florida, and therefore deny same.  Defendants lack sufficient knowledge or information to admit or deny the allegation that Plaintiff is a citizen of the United States, and therefore deny same.  Upon information and belief, Defendants admit that Plaintiff is an adult male.

3.  Defendants admit that DAYORIS is a corporation in the State of Florida, and that it is located at 2114 SW 60 Terrace, Miramar, Florida 33023.  Defendants neither admit nor deny the allegation that DAYORIS conducted substantial and continuous business in the Southern District of Florida because it calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that allegation.  Defendants deny the remaining allegations contained in this paragraph.

4.  Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

5.  Defendants admit that DAYORIS's annual gross revenue was in excess of $500,000.00 per annum at all times material hereto.

6.  Defendants lack sufficient knowledge or information to admit or deny the allegation that Plaintiff is a resident of Hialeah, Miami-Dade County, Florida, and therefore deny same. Defendants neither admit nor deny the allegation that Plaintiff is a an employee of DAYORIS within the meaning of the FLSA, because it calls for a legal conclusion to which no response is required.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

9. Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

## JURISDICTION AND VENUE

10. Defendants admit that this Court has original subject matter jurisdiction over Plaintiff's claim under the FLSA. However, Defendants deny that there is any proper basis or cause of action to be brought before this Court, and further deny that Defendants are liable to Plaintiff for any such claims.

11. Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

12. Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

20. Defendants deny the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

## COUNT I
### Violation of 29 U.S.C § 207 (Unpaid Overtime)

21. Defendants re-allege and reincorporate Paragraphs 1 through 20 as if fully set forth herein.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

24. Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendants neither admit nor deny the allegations contained in this paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

Defendants do not believe that a response is required for the unnumbered "WHEREFORE" paragraph, or subparagraphs (A) through (F), but to the extent a response is required, Defendants deny that there is any proper basis or cause of action to be brought before this Court and deny that Plaintiff is entitled to any relief from Defendants.

## JURY TRIAL DEMAND

Defendants do not believe that the unnumbered demand for a jury trial requires a response or that any triable issues exist, but admit that Plaintiff seeks trial by jury of issues so triable as a matter of right.

## STATEMENT OF DEFENSES

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading. Below, Defendants assert defenses to which they do not concede that they bear either a burden of proof or persuasion, and state as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants deny any unlawful conduct with respect to Plaintiff. Without admitting any wrongful conduct by Defendant DAYORIS or any of its employees,

agents, or representatives, Defendants assert that Plaintiff is not entitled to liquidated damages because Defendants did not willfully or otherwise violate the law, and all of Defendants' acts or omissions were taken in good faith and with a reasonable basis for believing that its actions did not violate the FLSA.

### THIRD DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Further, Plaintiff must mitigate all damages and his entitlement, if any, to damages is barred, in whole or in part, by his failure to do so.

### FOURTH DEFENSE

Defendants assert that Plaintiff was, at all material times, an at-will employee of Defendant DAYORIS and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

### FIFTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

**SIXTH DEFENSE**

Plaintiff's claims for lost wages and other employment benefits must be reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Plaintiff's damages, if any, have been paid in whole or in part by collateral sources, which eliminate or reduce the damages that can be recovered from Defendants.

**SEVENTH DEFENSE**

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant DAYORIS was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or the relevant state departments of labor or their equivalent agencies.

**EIGHTH DEFENSE**

Any claim for liquidated damages under the FLSA, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant DAYORIS was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

### NINTH DEFENSE

Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under Federal law, and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

### TENTH DEFENSE

Defendant DAYORIS believed in good faith its conduct was in compliance with all local, state and federal laws.

### ELEVENTH DEFENSE

If the facts reveal that Plaintiff was engaged in efforts to alter his own time or pay records, or in any other way violated the established policies of Defendant DAYORIS with regard to employment practices, Plaintiff should be estopped from recovering on his claim.

### TWELTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for time other than compensable working time.

### THIRTEENTH DEFENSE

Plaintiff's claim is barred, at least in part, for any work performed by Plaintiff getting to and from the actual place of performance of his job duties, and for any other activities preliminary and postliminary to his principle duties.  Such claims are bared to the extent Plaintiff has included the same in his calculation of damages.

### FOURTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant DAYORIS, any recovery Plaintiff may be entitled to

as a result of this action must be offset or reduced by any overpayments made by Defendants to Plaintiff and/or by the value of any amounts of compensation and benefits that Plaintiff would not have otherwise received, but-for his classification as an exempt employee. At all times material hereto, Plaintiff was classified as an exempt employee and was paid on a salary basis, paid a bonus, allowed to earn vacation time, sick pay, benefits, and other incentives for which Defendant DAYORIS's non-exempt employees are not otherwise eligible. Plaintiff would not have received these payments and benefits during the relevant time period if he would have been classified as a non-exempt employee.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Plaintiff has improperly brought this lawsuit against Defendant Dayoris Doors, Inc. and, accordingly, the instant action should be ordered dismissed as against Dayoris Doors, Inc. Defendant Dayoris Doors, Inc. is not, and never has been, Plaintiff's employer, and, as a consequence, is not liable for any of the claims asserted by Plaintiff in his complaint.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has not alleged any facts sufficient to establish that Defendant Dan Benitah is an employer under the FLSA because he has not alleged that Defendant Benitah is an

individual that had the authority to hire and fire Plaintiff, supervised and controlled Plaintiff's work schedules or conditions of employment, determined the rate and method of payment, and maintained employee records. Defendant DAN BENITAH is not, and never has been, Plaintiff's employer, and, as a consequence, is not liable for any of the claims asserted by Plaintiff in his complaint.

Defendants will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

Defendants is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, premises considered, Defendants prays that this Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3. Ordering that judgment be entered in Defendants' favor;

4. Awarding Defendants their attorneys' fees against Plaintiff pursuant to law;

5. Awarding costs to Defendants; and

6. Awarding Defendants such other relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated: November 19, 2018

    Respectfully submitted,

    */s/ Fabian A. Ruiz*

Jonathan A. Beckerman, (Bar No. 568252)
jbeckerman@littler.com
Fabian A. Ruiz, (Bar No. 117928)
fruiz@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7500
Facsimile: 305.675.8497
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on November 19th, 2018, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

| **COUNSEL FOR PLAINTIFF:** | **COUNSEL FOR DEFENDANTS:** |
|---|---|
| Elvis J. Adan, Esq. | Jonathan A. Beckerman |
| Florida Bar No. 24223 | Florida Bar No.: 568252 |
| Gallardo Law Office, P.A. | E-mail: jbeckerman@littler.com |
| 8492 SW 8th Street | Fabian A. Ruiz, Esq. |
| Miami, FL 33144 | Florida Bar No.: 117928 |
| Tel: (305) 261-7000 | E-mail: fruiz@littler.com |
| Fax: (786) 261-0088 | LITTLER MENDELSON, P.C. |
| Email: elvis.adan@gallardolawyers.com | Wells Fargo Center |
| | 333 SE 2nd Avenue, Suite 2700 |
| | Miami, Florida 33131 |
| | Telephone: (305) 400-7500 |
| | Facsimile:  (305) 603-2552 |

**LITTLER MENDELSON, P.C.**

*/s/ Fabian A. Ruiz*
Fabian A. Ruiz